# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-395V
Filed: March 24, 2020

```
* * * * * * * * * * * * *
KATELIN B. KRAUSE,              *       UNPUBLISHED
                                *
            Petitioner,         *       Decision on Joint Stipulation;
                                *       Transverse Myelitis ("TM");
v.                              *       Human papillomavirus
                                *       ("HPV") Vaccine; Hepatitis A
SECRETARY OF HEALTH             *       Vaccine; Hepatitis B Vaccine;
AND HUMAN SERVICES,             *       Influenza ("Flu") Vaccine
                                *
            Respondent.         *
* * * * * * * * * * * * *
```

*Robert Krakow, Esq.*, Law Office of Robert J. Krakow, New York, NY, for petitioner.
*Debra Begley, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On June 13, 2013, Katelin Krause[2] ["Ms. Krause" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[3] Petitioner alleges that she developed transverse myelitis ("TM") after receiving human papillomavirus ("HPV"), hepatitis A, hepatitis B, and influenza vaccinations. Stipulation, filed Mar. 24, 2020, at ¶¶ 1-4. Respondent denies that any of the aforementioned immunizations caused petitioner's injury. Stipulation at ¶ 6.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] Petitioner's claim was initially filed under the name Katelin Arnold. On January 30, 2017, the case caption was amended to reflect petitioner's married name, Katelin B. Krause.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. On March 24, 2020, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $50,000.00 in the form of a check payable to petitioner, Katelin Krause.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KATELIN B. KRAUSE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 13-395V <br> Special Master Roth |

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Petitioner[1] filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the human papillomavirus ("HPV"), hepatitis A, hepatitis B, and influenza vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  Petitioner received HPV vaccines administered on April 28, 2011 and July 27, 2011, hepatitis B vaccines administered on July 27, 2011 and January 9, 2012, a hepatitis A vaccine administered on July 27, 2011, and an influenza vaccine administered on January 23, 2012.

3.  These vaccines were administered within the United States.

---

[1] Petitioner's claim was initially filed under the name Katelin Arnold. On January 30, 2017, petitioner moved the court to amend the caption to reflect her married name, Katelin B. Krause.

4. Petitioner alleges that the HPV vaccine caused her to develop transverse myelitis ("TM"), and that she experienced the residual effects of this condition for more than six months.[2]

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner's alleged TM, or any other injury, was caused-in-fact by HPV, hepatitis A, hepatitis B, and/or influenza vaccinations.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $50,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable

---

[2] While petitioner initially also implicated hepatitis A, hepatitis B and influenza vaccines as causative of her alleged TM, she only pursued a theory that relates to the HPV vaccine.

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, HPV vaccines administered on April 28, 2011 and July 27, 2011, hepatitis B vaccines administered on July 27, 2011 and January 9, 2012, a hepatitis A vaccine administered on July 27, 2011, and an influenza vaccine

3

administered on January 23, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about June 13, 2013, in the United States Court of Federal Claims as petition No. 13-395V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's alleged TM, or any other injury, was caused-in-fact by HPV, hepatitis A, hepatitis B, and/or influenza vaccinations.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*[signature: Katelin B. Krause]*
KATELIN B. KRAUSE

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature: Robert J. Krakow]*
ROBERT J. KRAKOW
Law Office of Robert J. Krakow, P.C.
233 Broadway, Suite 2320
New York, NY 10279
(212) 227-0600

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature: Catharine E. Reeves]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
TAMARA OVERBY
Acting Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature: Debra A. Filteau Begley by Catharine E.]*
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated: 3/24/20

5